E-FILED
Tuesday, 22 November, 2022  09:22:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE NECA/LOCAL 145 IBEW PENSION PLAN, AS COLLECTION AGENT FOR ALL FRINGE BENEFITS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:18-cv-04045-SLD-JEH |
| LINDA K. MAUSSER, INDIVIDUALLY AND d/b/a QCA ELECTRIC, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Linda K. Mausser's motion *in limine*, ECF No. 75.  For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I.      Legal Standard

As part of its "inherent authority to manage the course of trials," a district court may make *in limine*, or preliminary, rulings on evidentiary matters.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  At this stage, a court will exclude evidence only where it "clearly would be inadmissable [sic] for any purpose."  *Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436, 440 (7th Cir. 1997).  It is the movant's burden to make this showing.  *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, Case No. 12-cv-5836, 2017 WL 2178504, at *11 (N.D. Ill. May 16, 2017).  "[J]udges have broad discretion in ruling . . . on motions *in limine*."  *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  These preliminary rulings are subject to change, however, based on how the evidence unfolds at trial or in the exercise of sound discretion.  *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## II.        Analysis

In her motion *in limine*, Defendant makes two requests: first, she seeks to exclude one of Plaintiff Trustees of the NECA/Local 145 IBEW Pension Plan, as Collection Agent for all Fringe Benefits' exhibits (the "Calibre Report"), and second, she asks to bar expert testimony from a member or members of Calibre CPA Group, PLLC ("Calibre Group").  Mot. Limine 1.  The Court will address each request in turn.

### a.  Calibre Report

Defendant argues that Plaintiff should be prevented from introducing the Calibre Report at trial because she did not receive it until October 26, 2022, long after discovery closed on June 15, 2020.  Mot. Limine 1.  Therefore, she asserts, Plaintiff has violated Federal Rule of Civil Procedure 26.  *Id*.  Plaintiff responds that it would have been impossible to produce the report prior to June 15, 2020 because the Court only ordered the audit which resulted in the Calibre Report on December 9, 2020.  Resp. Mot. Limine 3, ECF No. 77.  Moreover, Plaintiff sent a copy of the Calibre Report to Defendant's then-attorney, Heather Carlson.  *Id*.  While Plaintiff does not specify exactly when it sent the report to Carlson, Carlson represented Defendant between January 10, 2022 and May 18, 2022.  *See* Not. Appearance, ECF No. 59; May 18, 2022 Min. Entry (granting Carlson's motion to withdraw as attorney for Defendant).  Thus, Defendant or her counsel would have been in possession of the report a minimum of seven months prior to the bench trial.  *See* Resp. Mot. Limine 3.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide to the other parties in the case a copy of every document it may use to support its claims or defenses.  The party must "supplement or correct its disclosure . . . in a timely manner" when new information arises that renders its previous disclosure incomplete.  *Id*. 26(e)(1)(A).  "If a party fails to

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1). The court may impose other appropriate sanctions "[i]n addition to or instead of this sanction." *Id.*

The Court finds that Defendant has not satisfied her burden of showing that the Calibre Report should be excluded from the bench trial. First, Plaintiff is correct that the Court only ordered the audit in December 2020, *see* Dec. 9, 2020 Order 9, ECF No. 37, and so the Calibre Report necessarily could not have been turned over to Defendant prior to June 15, 2020. Second, at the time Carlson represented Defendant, she was requesting to engage in an additional period of discovery. *See, e.g*., Mot. Additional Time Submit Proposed Disc. Plan 1–2, ECF No. 60 (requesting additional time to submit a proposed discovery plan). Defendant has not shown that Plaintiff failed to provide her attorney with the Calibre Report "in a timely manner." *See* Fed. R. Civ. P. 26(e)(1)(A). As such, the Court declines to prevent Plaintiff from using the Calibre Report at the bench trial.

### b. Expert Testimony from Calibre Group

Defendant also seeks to bar Plaintiff from introducing expert testimony from one or more members of Calibre Group. Mot. Limine 1. Although not made explicit, it appears that she objects to this testimony because of Plaintiff's failure to properly disclose the identity of the expert witness or witnesses pursuant to Rule 26(a)(2). *See id*. This rule provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert evidence "at least 90 days before the date set for trial," unless a court order or stipulation provides otherwise. Fed. R. Civ. P. 26(a)(2).

In its Proposed Pretrial Order, Plaintiff listed two expert witnesses, both affiliated with Calibre Group: Tim Kalnes and Corey Bilkey.  Initial Proposed Pretrial Order 4, ECF No. 70; *see also* Exhibits to Final Proposed Pretrial Order 2, ECF No. 72-1.[1]  At the Final Pretrial Conference held on October 26, 2022, Plaintiff stated that it intended to call only one of the listed expert witnesses but did not know which one.  When asked whether it had complied with its disclosure obligations as to both potential expert witnesses, Plaintiff responded that it had disclosed Calibre Group early on in the process but was not sure whether it had complied with its obligations as to each witness individually.  And in its response to Defendant's motion *in limine*, Plaintiff states that it only "provided the name of the expert witness and a copy of his CV" to Defendant once it knew which witness it intended to call.  *See* Resp. Mot. Limine 3.  Thus, Plaintiff must have made its disclosure after the Final Pretrial Conference on October 26, 2022— less than 30 days before the bench trial.

From the information before the Court, it appears that Plaintiff has failed to comply with its obligation to disclose the identity of its expert witness at least 90 days before the bench trial, and there is nothing to suggest a court order or stipulation permitted it to provide a late disclosure.  *See* Fed. R. Civ. P. 26(a)(2).  Thus, a sanction under Rule 37 is warranted unless Plaintiff's "failure was substantially justified or is harmless."  *Id.* 37(c)(1).  While Plaintiff states that "[t]he specific name of the Calibre CPA Group individual who created the report was not known to Plaintiff until after" it filed its Proposed Pretrial Order, Resp. Mot. Limine 3, it does not provide any explanation for this delay or why it could not have made a disclosure of both potential expert witnesses within the deadline.  The Court therefore does not find that Plaintiff's failure to comply with Rule 26(a)(2) was substantially justified.  Nor does it consider the failure

---

[1] In citing to the Initial Proposed Pretrial Order and the Exhibits to the Final Proposed Pretrial Order, the Court uses the page numbers generated by CM/ECF.

4

harmless—providing the identity of its expert witness less than 30 days before trial may have prevented Defendant from adequately preparing to address that witness's testimony at trial.  *See, e.g.*, *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir. 2004) (finding that the plaintiffs' failure to disclose their expert witnesses "prejudiced [the defendant] because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . , retaining rebuttal experts, and holding additional depositions" (citation omitted)).  The Court grants Defendant's request to prevent Plaintiff from introducing expert testimony from its expert witness at the bench trial.

## CONCLUSIONS

For the foregoing reasons, Defendant Linda K. Mausser's motion *in limine*, ECF No. 75, is GRANTED IN PART and DENIED IN PART.

Entered this 22nd day of November, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE